NO. 07-09-0077-CR
NO. 07-09-0078-CR
NO. 07-09-0079-CR
NO. 07-09-0080-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 13, 2009

______________________________


SYDNEY LYNN WEEKS,
                                                                                                 Appellant

v.

THE STATE OF TEXAS,
                                                                                                 Appellee

_________________________________

FROM THE 46TH DISTRICT COURT OF HARDEMAN COUNTY;

NOS. 4088, 4089, 4090, 4091; HON. DAN MIKE BIRD, PRESIDING

_______________________________

On Abatement and Remand
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
            Pending before the court are the appeals of Sydney Lynn Weeks. The clerk’s
record in each case was filed on March 5, 2009. Contained therein is the Trial Court’s
Certification of Defendant’s Right of Appeal, which was executed on February 17, 2009,
after amendments to Rule 25.2(d) of the Texas Rules of Appellate Procedure became
effective on September 1, 2007. The form on file does not comply with the amendments to
the rule, which now require that a defendant sign the certification and receive a copy. 
Additionally, the new form provides certain admonishments to a defendant not previously
required.


 
           Procedural rules generally control litigation from their effective date. Wilson v. State,
473 S.W.2d 532, 535 (Tex.Crim.App. 1971). Consequently, we abate these appeals and
remand the causes to the trial court for further proceedings. Upon remand, the trial court
shall utilize whatever means necessary to determine if appellant desires to continue the
appeals and, if so, secure a proper Certification of Defendant’s Right of Appeal in
compliance with Rule 25.2(d). Once properly completed and executed, the certification shall
be included in a supplemental clerk’s record for each case. See Tex. R. App. P. 34.5(c)(2). 
The trial court shall cause these supplemental clerk's records to be filed with the Clerk of this
Court by April 13, 2009. This order constitutes notice to all parties, pursuant to Rule 37.1 of
the Texas Rules of Appellate Procedure, of the defective certification. If supplemental clerk’s
records containing a proper certification are not filed in accordance with this order, these
matters will be referred to the Court for dismissal. See Tex. R. App. P. 25.2(d). 
           It is so ordered.
 
                                                                      Per Curiam
Do not publish.



 so concerned appellant might hit his car that he alerted the reserve deputy who
was with him to that possibility. Thus, based upon the totality of the circumstances,
Powell's specific, articulable facts, in light of his experience and personal knowledge,
together with inferences from those facts, were sufficient to support the trial court's finding
of reasonable suspicion that a traffic violation, specifically, reckless driving, had occurred. 
Singleton, 91 S.W.3d at 347-48. Thus, the trial court did not err in overruling appellant's
motion to suppress or in failing to exclude the challenged evidence on the basis it was
obtained in violation of law. Appellant's three issues are overruled.

 Accordingly, the judgment of the trial court is affirmed. 


 Don H. Reavis

 Justice



Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.